Eastern District of Kentucky
**FILED**

MAY 10 2024

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.

INFORMATION NO. 6:24-CR-28-REW
18 U.S.C. §§ 1343 and 1346

SCOTT BLAIR

\* \* \* \* \*

**THE UNITED STATES ATTORNEY CHARGES:**

**BACKGROUND**

1. At all relevant times, **SCOTT BLAIR** was the Commonwealth Attorney for the 33rd Judicial Circuit in the Commonwealth of Kentucky. As Commonwealth Attorney, **BLAIR** was an agent of the Commonwealth of Kentucky and was responsible for the just administration of the Commonwealth's criminal laws. **BLAIR'S** responsibilities included prosecutions for felony offenses within the 33rd Judicial Circuit; that is, Perry County.

2. At all relevant times, **BLAIR** owed the Commonwealth of Kentucky and its citizens a duty to perform his responsibilities free from self-enrichment.

3. Facebook messenger is an internet based social media platform that utilizes wire communication to allow individuals to communicate with one another.

**SCHEME TO DEFRAUD**

4. From in or about April 2020 and continuing through in or about March 2024, in Perry County, in the Eastern District of Kentucky, and elsewhere,

## SCOTT BLAIR

devised, and intended to devise, a scheme and artifice to defraud and to deprive the Commonwealth of Kentucky and its citizens of their right to the honest and faithful services of a public official, namely, the honest services of **BLAIR**, through bribery.

## MANNER AND MEANS

5. In furtherance of **BLAIR's** scheme to defraud, **BLAIR** used his position as Commonwealth Attorney to perform official actions, including recommending probation and drug treatment programs instead of incarceration and refraining from recommending probation violation sanctions, in exchange for methamphetamine, the procurement of methamphetamine, and sex acts.

6. The following examples are representative of multiple other instances of **BLAIR** accomplishing the objectives of the scheme:

a. In July 2021, **BLAIR** engaged in a Facebook messenger conversation with an individual who was serving a felony probation sentence in Perry Circuit Court. The individual asked **BLAIR** if he had any active warrants and **BLAIR** accessed a warrant tracking program and confirmed that he had an active arrest warrant. When the individual expressed concern that his probation would be violated, **BLAIR** tried to convince the individual to visit his home for the purpose of a sex act. When the individual resisted the request and indicated that he planned to turn himself into law enforcement, **BLAIR** promised not to violate his probation. Later messages reveal that an encounter occurred, and court records confirm that the individual's probation was not revoked.

b. In June 2022, **BLAIR** initiated contact with an individual charged with felony

conduct. **BLAIR** informed the individual that he would be responsible for the prosecution of the matter and agreed to recommend drug court and probation for the individual in exchange for that individual making deliveries of methamphetamine to **BLAIR**. On numerous subsequent occasions, **BLAIR** directed that individual to pick up methamphetamine for **BLAIR**. Sometimes **BLAIR** provided the individual money and directed him to which drug dealer to go to and other times **BLAIR** directed the individual where to go to pick up prepackaged methamphetamine **BLAIR** had already purchased. **BLAIR** often communicated through Facebook messenger with the individual to make these demands. Court records reflect that the individual was sentenced to a suspended prison sentence with unsupervised probation despite multiple felony offenses.

## EXECUTION OF THE SCHEME

7. On or about July 12, 2021, in Perry County, in the Eastern District of Kentucky,

**SCOTT BLAIR,**

for the purpose of executing the scheme described above, and in order to affect the objects thereof, transmitted by means of wire communication in interstate commerce a Facebook messenger writing indicating "I won't PV you" as consideration for a sex act, as referenced in paragraph 6(a).

All in violation of 18 U.S.C. §§1343 and 1346.

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

Imprisonment for not more than 20 years, fine of not more than $250,000, and supervised release for not more than 3 years.

**PLUS:**   Mandatory special assessment of $100.

**PLUS:**   Restitution, if applicable.