UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CRIMINAL ACTION NO.**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**                          **PLEA AGREEMENT**

**SCOTT BLAIR**                                                                         **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Information. The Information charges a violation of 18 U.S.C. §§ 1343, 1346, Honest Services Wire Fraud. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, with the exception of any violation of offenses listed in Chapter 110 and 117 of Title 18 of the United State Code, resulting from evidence found on the Defendant's seized cell phone or any associated social media accounts, unless the Defendant breaches this Agreement.

2. The essential elements of the Information are:

    (a) The Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the right to honest services of the defendant through bribery or kickbacks;

    (b) The Defendant did so with an intent to defraud the public of the Defendant's honest services; and

(c) In advancing, furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, sign, signal, picture or sound by means of a wire communication in interstate or foreign commerce.

3. As to the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) From in or about a date in April 2020, and continuing until in or about a date in March 2024, the Defendant knowingly and intentionally devised a scheme to fraudulently deprive the citizens of Perry County, in the Eastern District of Kentucky, of the right to the honest services of the Defendant, the elected Commonwealth Attorney, through bribery.

(b) The Defendant, in his role as the elected prosecutor was responsible for the just administration of the Commonwealth's criminal laws and owed the Commonwealth of Kentucky and its citizens a duty to perform his responsibilities free from self enrichment.

(c) The Defendant, on multiple occasions, agreed to take official actions in his role as the Commonwealth Attorney for the 33rd Judicial Circuit (encompassing all of Perry County), including but not limited to recommending probation and drug court and not recommending probation violations or sanctions for defendants he was prosecuting, in exchange for quantities of methamphetamine, procurement of methamphetamine, and sexual favors.

(d) As an example, on one occasion, the Defendant engaged in a Facebook messenger conversation with an individual who was serving a sentence of felony probation in Perry Circuit Court. When the individual expressed concerns that his probation would be violated after he missed a court date, the Defendant tried to convince the individual to come over for a sexual encounter. The Defendant assured the individual that the Defendant would not violate the individual's probation. Later messages reveal that an encounter occurred, and court records confirm that the individual's probation was not revoked.

(e) On another occasion, the Defendant agreed to recommend drug court

and probation for an individual in exchange for that individual making deliveries of methamphetamine to the Defendant. On numerous occasions, the Defendant would direct that individual to pick up methamphetamine for the Defendant. Sometimes the Defendant would provide the individual money and direct him which source to go to and other times the Defendant would direct the individual where to go to pick up prepackaged methamphetamine the Defendant had already purchased. The Defendant often communicated with the individual to make these demands via Facebook messenger. Court records reflect that the individual was sentenced to a term of probation and allowed entry into drug court. The Defendant admitted that he recommended drug court and probation for this individual, and that this individual picked up methamphetamine for the Defendant on approximately fifteen (15) occasions.

(f) Facebook messenger is an internet based social media platform that utilizes wire communication to allow individuals to communicate with one another.

4. The statutory punishment for the Information is imprisonment for not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The 2023 United States Sentencing Guideline Manual will determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 2C1.1(a)(1), the base offense level is 14 because the Defendant was a public official.

(c) Pursuant to U.S.S.G. § 2C1.1(b)(1), increase the offense level by 2 because the offense involved more than one bribe or extortion.

3

(d) Pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(C), increase the offense level by 4 levels because the value of the consideration obtained by the Defendant is more than $15,000 but less than $40,000.

(e) Pursuant to U.S.S.G. § 2C1.1(b)(3), increase the offense level by 4 because the Defendant was an elected public official or a public official in a high-level decision-making or sensitive position.

(f) Pursuant to U.S.S.G. § 3A1.1(b)(1), increase the offense level by 2 levels because the Defendant knew or should have known that a victim of the offense was a vulnerable victim.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The United States agrees to recommend that the Defendant's placement in the Residential Drug Abuse Program at the time of sentencing.

7. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea, conviction, and the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the

Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 4/30/2024    By: *[signature]*
Justin E. Blankenship
Assistant United States Attorney

Date: 4.21.2024    *[signature]*
Scott Blair
Defendant

Date: 4-21-2024    *[signature]*
Ned Pillersdorf
Attorney for Defendant

5